UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80914-CIV-MARRA

PRABIR MITRA

Plaintiff/Respondent,

vs.

GLOBAL FINANCIAL CORPORATION,

Defendant/Petitioner.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant/Petitioner Global Financial Corporation's

Motion for Final Summary Judgment on Global's Petition to Affirm Arbitration (DE 13);

Defendant/Petitioner Global Financial Corporation's Motion for Final Summary Judgment on

Prabir Mitra's Complaint to Vacate Arbitration Award (DE 14); Plaintiff /Respondent Prabir

Mitra's Motion for Summary Judgment (DE 15); Defendant/Petitioner Global Financial

Corporation's Motion to Strike Prabir Mitra's Pleadings and his Motion for Summary Judgment,

GFC's Motion for Entry of Judicial Default and Motion for Attorney's Fees and Costs (DE16);

Defendant/Petitioner Global Financial Corporation's Amended Motion to Strike Prabir Mitra's

Motion for Summary Judgment and Motion for Attorney's Fees (DE 19) and

Defendant/Petitioner Global Financial Corporation's Request for Hearing (DE 28).  The Court

has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

The facts, as culled from affidavits and  exhibits and reasonably inferred therefrom, for

the purpose of this motion, are as follows:

On June 11, 2007, Prabir Mitra ("Mitra") and Global Financial Corporation ("GFC") entered into a Loan Broker Listing Agreement, by which both parties agreed that any dispute arising out of that Agreement would be submitted to arbitration. (Agreement, Ex. A, DE 14-2.) The Arbitration Award dated June 4, 2008 states that the instant case concerned a "claim for mortgage brokerage fees arising from the sale of a hotel in New York City" pursuant to a mortgage brokerage commission contract between the parties. The Arbitrator found that GFC "met the requirements for a commission under the terms of the [Agreement]." The Arbitrator awarded GFC its brokerage commission in the amount of $140,637.50 plus costs in the amount of $4,775.00. (Arbitration Award, Ex. B, DE 14-3.)

On July 9, 2008, GFC filed its Petition to Confirm Arbitration Award in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which Mitra removed to this Court and the Court consolidated into the instant case. (Case no. 08-61414.) On September 9, 2008, Mitra filed its Answer and Affirmative Defenses to Defendant's petition (DE 2, Case no. 08-61414.)

On August 20, 2008, Mitra filed a complaint in the instant case to vacate the arbitration award. Mitra served his complaint on GFC on September 8, 2008. (Summons, Ex. C, DE 13-4; Affidavit of Mark Brundage, Ex. D, DE 13-5; Return of Service, Ex. B, DE 21-2.)[1]

---

[1] Mitra states that there are no material facts in dispute, but then goes on to state that GFC's "failure to comply with Florida law regarding designation of registered agent and registered office for service of process coupled with the fact that it does not have another business or office address at which it can be served, delayed the serving of the complaint on Defendant." (DE 21 at 1-3.) To support this contention, Mitra submitted the affidavit of Cheryl Marino, the assistant for Plaintiff's counsel. (DE 21-2.) That affidavit contains hearsay statements about the process server's attempt to effectuate service. It is axiomatic that

GFC moves for summary judgment on its petition to affirm the arbitration award, stating that Mitra failed to serve timely his motion to vacate. In a separately filed motion, GFC also moves for summary judgment on Mitra's complaint to vacate the arbitration award. In that motion, GFC reasserts its argument that Mitra's complaint to vacate was not timely served. In addition, GFC argues that Mitra "cannot meet any of the seven narrow exceptions permitting judicial review of the reasoned Arbitration Award." (DE 14 at 1.) Mitra's motion for summary judgment contends that the arbitration award violates established public policy. Lastly, GFC has filed an Amended Motion to Strike Mitra's Motion for Summary Judgment and argues that the motion was untimely filed.

## II. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for

---

"inadmissible hearsay cannot be considered on a motion for summary judgment." Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999) quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) (internal quotation marks omitted).

its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

III. Discussion

The governing provision of the Federal Arbitration Act ("FAA") provides in pertinent

part:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 12.

The Eleventh Circuit has stated that a proceeding to confirm arbitration "is intended to be

summary" and that once the three month period for vacating the award has run, it is appropriate

for the successful party to obtain confirmation in a summary proceeding. Cullen v. Paine,

Webber, Jackson & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989).  "A party's failure to move

to vacate an arbitral award within the three-month limitations period bars him from raising the

alleged invalidity of the award as a defense in opposition to a motion to confirm the award."

Booth v. Hume Pub., Inc., 902 F.2d 925, 929 n.4 (11th Cir. 1990); see also Pfannenstiel v. Merrill

Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007) quoting Int'l Bhd. of Elec.

Workers, Local Union No. 969 v. Babcock & Wilcox, 826 F.2d 962, 966 (10th Cir. 1987) ("[a]

party to an arbitration award who fails to comply with the statutory precondition of timely service

of notice forfeits the right to judicial review of the award.").  Moreover, the Eleventh Circuit has

declined to fashion a due diligence exception to the language in section 12 of the FAA that

requires service of a motion to vacate an arbitration award within three months of the filing or

delivering of the award.  Cullen, 863 F.2d at 854.

5

Significantly, Mitra does not dispute that he failed to serve GFC within the three-month limitation period. Instead, Mitra claims that courts have interpreted the three-month limitation period in 9 U.S.C. § 12 to require the filing, not service, of a motion to vacate. Alternatively, Mitra requests that the Court exercise its discretion to extend the time for service. The Court rejects each of these applications by Mitra.

The statutory language of the FAA explicitly states that the motion to vacate must be "served." 9 U.S.C. § 12. It is axiomatic that "when the words of a statute are unambiguous, then, this first canon of statutory construction is also the last: judicial inquiry is complete." CBS Inc. v. Primetime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir. 2001) quoting Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir.1997). Despite this clear statutory language, the Court has nonetheless examined the cases cited by Mitra to support his theory that "served" actually means "filed." (DE 21 at 3-5.) A review of those cases demonstrate that none stand for that proposition. Indeed, these cases do not even address the distinction between service and filing in the context of adhering to the time period set forth in 9 U.S.C. § 12.

Furthermore, Mitra's request for the Court to exercise its discretion to extend the time for service based on his "reasonable" interpretation of the FAA as well as his assertion that GFC suffered no prejudice can easily be dismissed. First, the Court has rejected Mitra's argument that his statutory interpretation is reasonable. Second, Mitra has not provided the Court with any binding authority to support its position that this Court can consider the lack of prejudice with respect to 9 U.S.C. § 12. Moreover, such an approach would be contrary to "the role of arbitration as a mechanism for speedy dispute resolution" that awards finality in a timely manner. Florasynth, Inc. v. Pickholz, 750 F.2d 171, 177 (2d Cir. 1984). Furthermore, given that Cullen

failed to craft a due diligence exception to the FAA, the Court is not inclined to create a prejudice exception to the service requirements in the FAA.

Since Mitra has failed to serve timely his motion to vacate the arbitration agreement, the Court concludes that it is unnecessary to examine whether the arbitration award was against public policy.[2]

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)    GFC's Motion for Final Summary Judgment on GFC's  Petition to Affirm Arbitration (DE 13) is **GRANTED**.

2)    GFC's Motion for Final Summary Judgment on Mitra's Complaint to Vacate Arbitration Award (DE 14) is **GRANTED**.

3)    Mitra's Motion for Summary Judgment (DE 15) is **DENIED.**

4)    Defendant/Petitioner Global Financial Corporation's Motion to Strike Prabir Mitra's Pleadings and his Motion for Summary Judgment, GFC's Motion for Entry of Judicial Default and Motion for Attorney's Fees and Costs (DE16) is

---

[2] In discussing the public policy exception that could result in the overturning of an arbitrator's award, the Eleventh Circuit has stated the following:

> Such a doctrine exists, but examples of arbitration results that so offend public policy that they should be set aside by a court are not readily to be found. This is not surprising. An arbitrator's result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference. The offending arbitrator's award which properly results in our setting it aside must be so offensive that one is to be seen only rarely. Examples come to mind more readily than exist in the real world.

Delta Air Lines, Inc. v. Air Line Pilots Ass'n, International., 861 F.2d 665, 670 (11th Cir. 1988).  A review of this award shows that it does not rise to this egregious standard.

**DENIED AS MOOT**.  GFC's Amended Motion to Strike Mitra's Motion for

Summary Judgment and Motion for Attorney's Fees (DE 19) is **DENIED**.[3]

5)      GFC's Request for Hearing (DE 28) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 23rd day of June, 2009.

KENNETH A.  MARRA
United States District Judge

---

[3] There are no grounds to strike Mitra's summary judgment motion.  Pursuant to Rule 26(a)(1)(B), the Court did not enter a scheduling order and therefore did not set a deadline for dispositive motions.  The parties merely filed a scheduling report with the Court stating that they proposed a dispositive deadline of December 15, 2008.  Lastly, GFC has failed to provide a legal basis for an award of attorney's fees. See Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994)( there is nothing in the Federal Arbitration Act which provides attorney's fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts).

8