UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80914-CIV-MARRA

PRABIR MITRA,

Plaintiff/Respondent,

vs.

GLOBAL FINANCIAL CORPORATION,

Defendant/Petitioner.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Global Financial Corporation's ("GFC") Motion to Alter or Amend Judgment (DE 33) and GFC's Motion for Prejudgment Interest (DE 34). The motions are fully briefed and ripe for review. The Court has carefully considered the motions and is otherwise fully advised in the premises.

On June 24, 2009, the Court granted summary judgment in favor of GFC. The judgment stated that the "arbitration award is affirmed and the Court shall reserve jurisdiction to determine attorney's fees pursuant to the agreement between the parties." (DE 31.) Pursuant to Rule 59 of the Federal Rules of Civil Procedure, GFC now seeks to have the judgment amended to include an explicit statement of the amount of damages awarded by the arbitrator, namely, $140,637.50, costs in the sum of $5,483.75, as well as prejudgment interest at the Florida statutory rate of 11% calculated from June 4, 2008, the date of the arbitration award. Prabir Mitra ("Mitra") opposes the request to alter or amend the judgment, but states that in the event the Court alters or amends the judgment, he does not contest an award of prejudgment interest.

The Court finds that GFC has properly moved to alter or amend the judgment pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59 is the proper procedural mechanism to obtain a more complete and explicit recitation in the final judgment of the monetary amount of a judgment. See Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062, 1065 (7th Cir. 1992); see also Hicks v. Town of Hudson, 390 F.2d 84, 87-88 (10th Cir. 1967) (Rule 59(e) is properly used to grant relief requested but not considered in original judgment); Belair v. Lombardi, 151 F.R.D. 698, 699-700 (M.D. Fla. 1993) (Rule 59(e) is properly used to clarify an order regarding the court's intent as to the continuation of state court proceedings). Furthermore, the decision to alter or amend a judgment is committed to the sound discretion of the district court. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

Although Mitra argues that Rule 59(e) does not apply, the Court disagrees. Mitra bases his argument on an Eleventh Circuit case that states that the only grounds for granting a Rule 59(e) motion are "newly discovered evidence and manifest errors of law or fact." (DE 38 at 2 citing In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999)). The Court finds that the instant case raises a somewhat unusual circumstance that is encompassed by Rule 59(e) and that Kellogg does not narrowly limit this Court's discretion as much as Mitra insists. In making that determination, the Court relies upon Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989). In Osterneck, the United States Supreme Court affirmed the United States Court of Appeals for the Eleventh Circuit and held that a post-judgment motion for discretionary prejudgment interest falls under Rule 59(e). In so concluding, the Osterneck Court did not base its holding on a finding of newly discovered evidence or manifest errors of law or fact but on the fact that "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to

2

apply." Id. at 176. Based on the rationale of Herzog and Osterneck, the Court finds that Rule 59(e) is the appropriate mechanism for GFC's request.[1] Alternatively, the Court finds that Rule 60(b) is also an appropriate mechanism for GFC to move for alteration or amendment of the judgment. See, e.g., Turner v. Secretary of Air Force, 944 F.2d 804 (11th Cir. 1991) (Rule 60(b) invoked when judge overlooked special master's recommendation that an attorney's fee award be paid to the prevailing parties rather than to their attorney directly); Meadows v. Cohen, 409 F.2d 750 (5th Cir. 1969) (Rule 60(b) used to correct judicial error of applying wrong time period in calculating social security benefits). If necessary, the Court may properly treat this Rule 59 motion as a motion under Rule 60. See Burnam v. Amoco Container Co., 738 F.2d 1230, 1231 (11th Cir. 1984) citing Morgan Guaranty Trust Co. v. Third Nat'l Bank of Hampden County, 545 F.2d 758, 760 (1st Cir.1976).

With that procedural issue resolved, the Court will address GFC's entitlement to a judgment that explicitly states the amount of damages and costs awarded by the arbitrator and an award of prejudgment interest. The Court finds that the arbitration agreement, in conjunction

---

[1] Although not discussed by the parties, the Court notes that Rule 60(a) is not the appropriate mechanism for GFC's request. Rule 60(a) is employed when the Court needs to "correct errors, created by mistake, oversight or omission" that are made in "transcribing or recording the judgment." Warner v. City of Bay St. Louis, 526 F.2d 1211, 1212 (5th Cir. 1976) (construing a prior, but similar, version of Rule 60(a)) (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)); see also Hale Container Line, Inc. v. Houston Sea Packing Co., Inc., 137 F.3d 1455, 1474 (11th Cir. 1998) ("a damages award that is incorrect because it is based on an erroneous mathematical computation that does not involve the substantive rights of the parties may be corrected under Rule 60(a)"). Under Rule 60(a), unlike Rule 59(e) and Rule 60(b), after an appeal has been docketed, which has occurred in this case, "such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a).

with 9 U.S.C. § 13, provide ample authority to justify an alteration in the judgment.  The arbitration clause of the parties' agreement states that "[j]udgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." (Loan Broker Listing Agreement, ¶ 7, DE 13-2.)  Section 13 of Title 9 of the United States Code empowers the Court to enter a judgment on GFC's behalf that has the "same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."  9 U.S.C. § 13.  These two provisions, read together, permit the Court to enter a judgment that incorporates the monetary award in GFC's favor.  Lastly, with respect to the award for prejudgment interest, the Court notes that this award is unopposed by Mitra.  (DE 40.)  The Court exercises its discretion and finds that an award of prejudgment interest is appropriate.  See Venn v. St. Paul Fire and Marine Ins. Co., 99 F.3d 1058, 1066, 1068 n.14 (11th Cir. 1996) (in a diversity case, both the questions of entitlement to prejudgment interest and the interest rate to be applied are determined under state law); American Dredging Co. v. Lambert, 153 F.3d 1292, 1297 (11th Cir. 1998) (same).  Despite GFC's request that the Court apply the 2008 Florida statutory rate, the Court will only apply that rate for the time period of June 4, 2008, the date of the arbitration award, to December 31, 2008.  After that time period, the Court will apply the 2009 Florida statutory rate.

      For the foregoing reasons, the Court grants GFC's Motion to Alter or Amend Judgment (DE 33) and GFC's Motion for Prejudgment Interest (DE 34).  The Court will separately enter an

amended judgment in this case.[2]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of August, 2009.

                                                _____
                                                KENNETH A. MARRA
                                                United States District Judge

---

[2] The Court notes that GFC has only moved for an amended judgment in case no. 08-cv-80914, despite the Court having issued an identical judgment in case no. 08-61414.